**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-60012
Summary Calendar

TRINITY MARINE GROUP, INC. and RELIANCE NATIONAL INDEMNITY CO.,

Petitioners,

VERSUS

EDWARD JOLLY,
DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR,

Respondent.

On Petition for Review of a Decision and Order
of the Benefits Review Board, U.S. Department of Labor
(97-430)
September 16, 1998

Before DAVIS, DUHÉ, and PARKER, Circuit Judges

JOHN M. DUHÉ, JR., Circuit Judge:[1]

Appellee worked for Appellant as a shipfitter when he fell and injured his back. The ALJ awarded Appellee both temporary and permanent disability benefits. The Benefits Review Board affirmed the ALJ. We too affirm.

**BACKGROUND**

In 1992, Edward Jolly ("Jolly") began working for Trinity Marine Group ("Trinity") as a shipfitter. Before starting work, Jolly underwent a physical and was assigned a rating of Class I

_____

[1]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

despite injuring his back in 1984. On March 15, 1994, while working, Jolly fell into an uncovered hole in the main deck of a vessel under construction. He injured his back and a rib. Trinity voluntarily paid Jolly temporary total disability benefits for five months, but Jolly sought additional benefits. The administrative law judge ("ALJ") awarded him one month's temporary partial disability benefits, eight months' temporary total disability benefits and permanent partial disability benefits from December 23, 1994 to the present. The ALJ further awarded Jolly medical benefits and interest. Trinity appealed the ALJ's decision to the Benefits Review Board ("BRB"). The BRB affirmed. Trinity now appeals to this Court.

## ANALYSIS

### I. STANDARD OF REVIEW

The BRB may not review the evidence before it de novo or substitute its views for the ALJ's. Mijangos v. Avondale Shipyards, Inc., 948 F.2d 941, 944 (5th Cir.1991). Rather, the BRB must accept the ALJ's fact findings unless they are irrational, or if after considering the record as a whole, they are unsupported by substantial evidence. Id. (citing 33 U.S.C. § 921(b)(3)). Therefore, when we review the BRB's decisions, our "'only function is to correct errors of law and to determine if the BRB adhered to its proper scope of review--i.e., has the Board deferred to the ALJ's fact-finding or has it undertaken de novo review and substituted its views for the ALJ's.'" Ceres Marine Terminal v. Director, Office of Workers' Compensation, U.S. Dep't of Labor, 118

F.3d 387, 389 (5th Cir. 1997) (citing, Avondale Shipyards, Inc. v. Vinson, 623 F.2d 1117, 1119 n. 1 (5th Cir. 1980)).  In conducting our review, we must independently examine the record to determine whether substantial evidence supports the ALJ's findings.  Id.

Trinity argues that the ALJ made three errors.  First, it argues that the ALJ incorrectly found that Jolly's disability was causally related to his injury at Trinity.  Second, it argues that the ALJ erred in refusing to allow Trinity's vocational consultant to testify to Jolly's post-injury employment possibilities and his ability to perform the duties thereof.  Third, it argues that the ALJ erred in finding that Jolly had a residual wage earning capacity equal to minimum wage.  Having reviewed the record and the ALJ's and BRB's opinions, we hold that the ALJ's findings are supported by substantial evidence, and he committed no reversible error.

We AFFIRM.